Foley & Martin, of New York City (James A. Martin, of New York City, of counsel), for libelant.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (P. F. Shortridge, of New York City, of counsel), for claimant.

Purdy & Purdy, of New York City (Edmund Lamb, of New York City, of counsel), for petitioner.

GALSTON, District Judge.

The tanker Bessie, a boat of sixty-two feet, driven by oil, having two forward tanks, engine room, and bridge aft, and pilot house, came in collision on February 24, 1930, with a carfloat tied to the Pennsylvania tug Meitowax.

The Bessie left Twenty-Sixth street, East River, about 9 o'clock in the morning. The visibility at the time of leaving was fair, the tide ebb. Having passed Corlear's Hook, a foggy condition arose, and by the time she reached Brooklyn Bridge a northwest wind was driving the fog from the Jersey Flats, and presently the Bessie was enveloped in a solid blanket of fog. She slowed down and endeavored to head for the Brooklyn shore. While navigating in the fog, the visibility was about two hundred feet. As she proceeded, the captain of the Bessie heard the exhaust of a Diesel vessel apparently ahead. Thereupon he stopped his engines, went astern, and blew three whistles to indicate that he was going astern. He had been blowing fog whistles every half minute.

The foregoing is that part of the story of the Bessie's captain which surely can be accepted. From that point on, however, the

## THE BESSIE.
## THE MEITOWAX.

PHŒNIX FUEL SERVICE CORPORATION v. NORTHWESTERN FIRE & MARINE INS. CO.

No. 11960.

District Court, E. D. New York.

Nov. 9, 1931.

versions of the accident are utterly contradictory.

The Bessie's captain and engineer say that the collision with the Pennsylvania carfloat occurred out in the river; whereas Mikkonen, the floatman, described the accident as having occurred while carfloats Nos. 18 and 19 were tied up along at the ends of piers 8 and 9 on the Brooklyn side.

At about 9:30 the tug Meitowax came down to take these floats. Lines were put out by the Meitowax to carfloat No. 21, and then Mikkonen heard a crash and saw that the line from pier 8 to the carfloat had parted. Mikkonen then saw the Bessie alongside.

The captain of the Meitowax said that the floatman had called out that his stern line had parted from the tug; but the captain heard no crash, and it was only after a perceptible interval that the floatman called out to him to go back, upon which he reversed his engines.

The captain's statement that Mikkonen had called out to him that his floats were all adrift convinces me that the Mikkonen version of the accident cannot be relied on.

I find that the parting of the carfloats and Meitowax from piers 8 and 9 was the cause of their being out in the river, and that the collision occurred, as stated by the Bessie's captain and engineer, because they were adrift in the river. The Meitowax, while out in the river with the carfloat adrift, gave no fog signals; at least none was heard by the Bessie.

The Meitowax was at fault for not sounding fog whistles. She most probably was engaged in trying to get her carfloats tied up, and, while engaged in the hazard of the moment, neglected to blow the fog whistles required by the dense fog.

On the other hand, the Bessie did not have an adequate lookout. The engineer of the Bessie was the only one who acted as a lookout; but he was in the pilot house, instead of being forward, where a lookout should have been stationed, particularly in the weather conditions which prevailed. The Manchioneal (C. C. A.) 243 F. 801. The Welsh (C. C. A.) 276 F. 912.

I think the damages should be divided.

If this opinion is not in sufficient compliance with the rule requiring findings of fact and conclusions of law, submit findings of fact and conclusions of law in accordance therewith.

Settle decree on notice.